# In the United States Court of Federal Claims

ORIGINAL

No. 18-616C

(Filed: November 8, 2018)

| | | |
|---|---|---|
| AARON E. WINTERS, JR., | * | |
| Plaintiff, | * | Claim for Unjust Conviction and Imprisonment; Requirement for a Certificate of Innocence; Subject Matter Jurisdiction; Failure to State a Claim Upon Which Relief Can Be Granted. |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

*Aaron E. Winters, Jr.*, Kansas City, Missouri, *pro se* Plaintiff.[1]

*Zachary J. Sullivan,* Trial Attorney, with whom were *Joseph H. Hunt,* Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Deborah A. Bynum,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

On April 30, 2018, *pro se* plaintiff Aaron E. Winters, Jr. filed a complaint in this Court against the United States. Mr. Winters seeks $250,000 in damages, $50,000 for each year that he was unjustly imprisoned, pursuant to 28 U.S.C. §§ 1495 and 2513. In response to the complaint, counsel for the Government filed a motion to dismiss on June 29, 2018 for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Court's Rules or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

---

[1] During a telephone status conference on July 31, 2018, the Court offered Mr. Winters an opportunity to obtain counsel through the Pro Bono Attorney Pilot Program, but Mr. Winters declined.

7017 1450 0000 1346 2359

For the reasons explained below, the Court concludes that it does have subject matter jurisdiction of this case, but that Mr. Winters has failed to state a claim upon which relief can be granted. The Court therefore grants the Government's motion to dismiss, but it does so without prejudice to Plaintiff's refiling in the future if he obtains a certificate of innocence.

Factual and Procedural Background[2]

On January 31, 2013, the United States filed an indictment in the United States District Court for the Western District of Missouri against Mr. Winters on a single felony count for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (making it unlawful for any person who has been convicted of a crime punishable by imprisonment for over one year to possess a firearm). See P.'s Am. Compl. 3. The District Court appointed a federal public defender to represent Mr. Winters, and he pled guilty on July 2, 2013 without a plea agreement. The District Court sentenced Mr. Winters to a 30-month prison term on December 10, 2013 with three years of supervised release to follow. Mr. Winters served his sentence in a federal penitentiary. He was released on July 26, 2016, only to appear in court again shortly thereafter following an alleged violation of his supervised release. The Court ordered Mr. Winters detained until a final revocation hearing at which his supervised release was revoked and he was sentenced to a second prison term of 24 months with no supervision to follow.

Approximately four years passed before Mr. Winters learned that his imprisonment was the result of an oversight by all those involved. The purported prior felony conviction that led to Mr. Winters' imprisonment for unlawful possession of a firearm involved possession of marijuana with no tax stamp affixed, a violation of Kan. Stat. Ann. § 5204 (2010). Mr. Winters, as a nonrecidivist with no prior felonies, faced a maximum imprisonment of only seven months for the crime. See P.'s Am. Compl. Ex. 2 5. Mr. Winters, therefore, lacked the prior felony conviction necessary to support his conviction for unlawfully possessing a firearm as a "person who has been convicted of a crime *punishable by imprisonment for over one year*." 18 U.S.C. § 922(g)(1) (emphasis added).

Mr. Winters first acted to remedy his circumstance on November 6, 2017 by filing a *pro se* motion with the District Court seeking immediate release from prison. The Government filed a motion in opposition and claimed that the relief Mr. Winters' sought was only available through a motion under 28 U.S.C. § 2255. Mr. Winters filed such a motion on December 13, 2017. See Civil Docket No. 4:17-CV-01030-BCW. Despite the section 2255 motion being nearly three years out of time, the Government elected to waive the statute of limitations, filed a response in support of Mr. Winters' motion, and

---

[2] The Court draws its procedural history from the Amended Complaint. Dkt. No. 7.

recommended that he be immediately released from prison. The Government vacated Mr. Winters' conviction on February 12, 2018, and released him from federal custody on February 20, 2018.

Mr. Winters now seeks damages from the United States for unjust conviction and imprisonment under 28 U.S.C. § 1495. The statute provides that "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. The companion section 2513 of the same chapter states:

> Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> Proof of the requisite facts *shall be by a certificate of the court or pardon* wherein such facts are alleged to appear, and *other evidence thereof shall not be received.*

28 U.S.C. § 2513(a), (b) (emphasis added).

A series of motions and cross-motions from Mr. Winters and the Government makes clear that the salient part of section 2513 for both sides of this case is the language requiring that "proof of the requisite facts shall be by a certificate of the court or pardon." *Id.* at § 2513(b). In his amended complaint, Mr. Winters argues first that a certificate of innocence is not a jurisdictional requirement and second that the Order of the District Court, which vacated his unjust conviction, qualifies as a certificate under the statute. The Government argues in opposition that Mr. Winters has not provided this Court with a certificate of innocence and that the case must be dismissed for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

### Standard of Review

Rule 8(a)(1) of the Court's Rules requires that a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." A motion to dismiss is

appropriate where the plaintiff fails to establish by a preponderance of the evidence that the court has subject matter jurisdiction. See Vandesande v. United States, 94 Fed. Cl. 624, 629 (2010). A *pro se* plaintiff, though held to a less stringent standard than that of a plaintiff represented by counsel, nevertheless bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. Riles v United States, 93 Fed. Cl. 163, 165 (2010).

When reviewing a motion to dismiss, the court must accept the allegations in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. Ainslie v. United States, 355 F.3d 1371, 1373 (Fed.Cir.2004).

### A. This Court Has Subject Matter Jurisdiction Over Mr. Winters' Claim.

As Mr. Winters notes in his complaint, this Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491. To invoke Tucker Act jurisdiction, a plaintiff must identify a substantive right to money damages against the United States. Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 2006). Mr. Winters identifies 28 U.S.C. § 1495 as granting the right to money damages.

Before 2005, the Government likely would have prevailed on its assertion that the absence of a certificate of innocence means this Court has no subject matter jurisdiction over Mr. Winters' case. See, e.g., Grayson v. United States, 141 Ct. Cl. 866, 869 (1958) ("When [sections 1495 and 2513] are read together it becomes manifest that the sections confer jurisdiction on this [C]ourt only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with."). Without a certificate of innocence, the Court of Federal Claims had no jurisdiction over a case of unjust conviction. Id.

However, the Federal Circuit clarified the Court of Federal Claims' jurisdiction involving suits against the United States for money damages in Fisher v. United States, 402 F.3d 1167 (Fed. Cir. 2005). If the source of a plaintiff's alleged Tucker Act claim (i.e., the source of a substantive right to relief) is money-mandating, the Court has subject matter jurisdiction. Id. at 1173 ("If the [C]ourt's conclusion is that the Constitutional provision, statute, or regulation meets the money-mandating test, the [C]ourt shall declare that it has jurisdiction over the cause, and shall then proceed with the case in the normal course.").

This Court applied Fisher to an unjust conviction and imprisonment claim in Bobka v. United States, 133 Fed. Cl. 405 (2017). Mr. Bobka, like Mr. Winters, appeared *pro se* and filed suit against the United States seeking monetary damages for unjust conviction and imprisonment. Id. at 408. Mr. Bobka did not provide a certificate of innocence stating the requisite facts under section 2513. Id. at 410. Judge Lettow of this Court granted the

Government's motion to dismiss concluding, not that the Court lacked jurisdiction, but that Mr. Bobka had failed to state a claim upon which relief could be granted. Id.

Mr. Winters is in the right Court. Like Mr. Bobka before him, he is seeking monetary damages from the Government under section 1495, a money-mandating statute. Fisher and Bobka make clear that this Court has subject matter jurisdiction.

### B. Mr. Winters Has Failed to State a Claim Upon Which Relief Can Be Granted.

The Court must now determine if Mr. Winters has stated a claim upon which relief can be granted. More specifically, has Mr. Winters provided this Court with a certificate of innocence that recites the requisite facts under 28 U.S.C. § 2513? Mr. Winters asserts that the Order of the District Court vacating his unjust conviction qualifies as the certificate of innocence. The Government counters that the Order cannot serve as a certificate because it does not recite the required facts under section 2513. The Government is correct.

A certificate of innocence, no matter its form, is only as good as the facts it recites. See, e.g., Humphrey v. United States, 52 Fed. Cl. 593, 597 (2002) (noting that a certificate must recite "either explicitly or by factual recitation, that a plaintiff has met the requirements of section 2513"). The certificate must clearly state or show that the recipient's conviction was set aside because he was innocent of the crime for which he was convicted, that he did not commit any of the acts charged or his acts constituted no offense against the United States or any State, and that his own misconduct or negligence did not cause the conviction. 28 U.S.C. § 2513; Bobka v. U.S., 133 Fed. Cl. at 410 (noting that the requirements under sections 1495 and 2513 have "always been strictly construed") (quoting Vincin v. United States, 468 F.2d 930, 933 (Ct. Cl. 1972)).

The Court set out just how strictly the requirements of section 2513 are construed in Humphrey, 52 Fed. Cl. at 597. A *pro se* plaintiff sought relief under sections 1495 and 2513 claiming unjust conviction and provided an order from the District Court vacating his sentence. The Court dismissed the claim explaining that the District Court Order offered by plaintiff was not the same as a certificate of innocence:

> The Order submitted by Mr. Humphrey in this instance, however, merely provided that his conviction on Count II had been vacated. It provided no information as to the grounds upon which the conviction was vacated. The Order did not state that Mr. Humphrey did not commit any of the acts charged or that his acts constituted no offense against the United States, or any State, Territory, or the District of Columbia. The Order also did not absolve Mr. Humphrey from bringing about his own prosecution by misconduct or neglect. Indeed, the Order neither mentioned section 2513, nor purported to

be a certificate of innocence. On its face, the Order is wholly inadequate for the purposes for which it is offered.

Id. Similarly here, the District Court Order Mr. Winters provided suffers from the same fatal flaws as in Humphrey.

The brief District Court Order, like Mr. Humphrey's, does not purport to be a certificate of innocence or establish the required facts under 28 U.S.C. § 2513. The Order states:

> Movant Aaron E. Winters, Jr. pleaded guilty to being a felon in possession of a firearm. Movant now moves *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Civ. Doc. 1. Movant asserts that at the time of his offense, he had not, in fact, suffered a prior felony conviction that was punishable by a year or more of imprisonment. Civ. Doc. 1.
>
> After careful review, Movant's unopposed motion pursuant to 28 U.S.C. § 2255 is GRANTED for the reasons set forth in the Government's suggestions in support of Movant's motion. The judgment and commitment in United States v. Aaron E. Winters, Jr., 4:13-cr-00026-BCW-1 (W.D. Mo. filed December 10, 2013) (Crim. Doc. 23) is VACATED. The Court ORDERS that Movant be immediately released from confinement.

See, Pl.'s Am. Compl. Dkt. No 7.

The District Court's Order vacates Mr. Winters' judgment and directs his immediate release from confinement. The Order does not state or show that his judgment was vacated because Mr. Winters is innocent of the crime for which he was convicted. Nor does the Order state or show that Mr. Winters' acts constituted no offense against the United States or any sovereign therein. Finally, the Order does not state or show that Mr. Winters' own misconduct or negligence did not cause the conviction. The Order is inadequate for the purposes of section 2513. Thus, Mr. Winters fails to state a claim upon which this Court can grant relief.

The Court does not foreclose the possibility that a District Court order establishing the necessary facts under 28 U.S.C. § 2513 could serve as a certificate of innocence. See, e.g., Sinclair v. United States, 109 F. Supp. 529, 530 (Ct. Cl. 1953) (assuming *arguendo* that a Supreme Court opinion could qualify as a certificate but not reaching the question because the order did not in fact recite the necessary facts); Hadley v. United States, 66 F. Supp. 140, 141 (Ct. Cl. 1946) (finding that *even if* a District Court order would be sufficient, the order provided did not recite the necessary facts) (emphasis added). The Court invites Mr. Winters to refile in this Court with a certificate of innocence or amended order that states the necessary facts under section 2513. At this stage, the Court dismisses Plaintiff's complaint without prejudice to allow for the possibility of refiling.

## Conclusion

The court is sympathetic to Mr. Winters' circumstance, but sympathy does not overrule a federal statute and this Court's sound precedent applying that statute. Mr. Winters' amended complaint fails to state a claim upon which relief can be granted. Accordingly, Defendant's motion to dismiss is GRANTED, and the complaint is dismissed without prejudice. If Mr. Winters refiles in this Court, his court-filing fees are waived.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge